### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | 8:09CR211 |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | |
| **RICHARD GOMEZ MOREIRA,** ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion to dismiss filed by defendant Richard Gomez Moreira (Moreira) (Filing No. 34). Moreira is charged in the Indictment with knowingly selling a firearm to a person previously convicted of a felony (Counts I and II) in violation of 18 U.S.C. § 922(d). Moreira moves to dismiss the Indictment because the alleged offense does not constitute a crime when the purchaser was acting as an agent for the government at the time of the alleged purchase.

On September 29, 2009, the parties filed the following stipulation in lieu of an evidentiary hearing (Filing No. 39):

> It is hereby stipulated and agreed between counsel for Plaintiff, the United States of America, and counsel for Defendant, with the express consent and approval of the Defendant:
> 1. SA-012-OJ has been a paid confidential informant working on behalf of the government in conjunction with the Department of Homeland Security Immigration and Customs Enforcement (ICE), Alcohol Tobacco and Firearms (ATF), Nebraska State Patrol (NSP) and Omaha Police Department (OPD) in an eighteen month investigation involving drugs, guns and gangs in Nebraska.
> 2. SA-012-OJ was working under the supervision, direction and control of agents affiliated with ICE, ATF, NSP and OPD.
> 3. SA-012-OJ was paid monthly witness security fees and received other benefit from ICE and ATF.
> 4. SA-012-OJ has previously been convicted of a crime punishable by imprisonment for a term exceeding one year.
> 5. SA-0I2-OJ used funds supplied by ICE and ATF to purchase the weapons from the Defendant, Richard Gomez Moreira, a/k/a Lentas.

>   6.  On January 23, 2009 Richard Gomez Moreira, a/k/a Lentas sold an SKS assault rifle, serial number L9825, to SA-0I2-OJ while SA-012-OJ was acting in his undercover capacity.
>   7.  On April 7, 2009 Richard Gomez Moreira, a/k/a Lentas sold a Cobray M11 9mm semi-automatic pistol, serial number 88-0018807, to SA-012-OJ while SA-012-OJ was acting in his undercover capacity.
>   8.  SA-0I2-OJ has been referred to as confidential informant, CI and CI-1210 in discovery materials and briefs filed by the parties. Each of those designations are in reference to the individual referred to herein as SA-012-OJ.

Moreira argues the true purchaser of any firearms was the government and not the confidential informant (CI) and thus Moreira could not have sold any firearms to a person previously convicted of a felony even though Moreira may have known the CI was a convicted felon. Moreira cites no authority except the general law of agency in support of his attack. While the parties cite no cases on point, there are numerous cases where convictions were upheld when the confidential informant, a convicted felon, purchased a firearm from a defendant who had knowledge of the convicted status of the confidential informant. ***United States v. Louis***, 559 F.3d 1220 (11th Cir. 2009); ***United States v. Casanova***, 970 F.2d 371 (7th Cir. 1992).

Whether or not the confidential informant would provide the firearm to government agents after the sale by the defendant does not detract from the conscious decision by the defendant to transfer the firearm to a known convicted felon. The defendant's motion is without merit.

## CONCLUSION

Moreira's motion to dismiss the Indictment should be denied.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

Moreira's motion to dismiss (Filing No. 34) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 3rd day of November, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge