IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR211** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **RICHARD GOMEZ MOREIRA,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 42) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to dismiss Counts I and II of the Indictment (Filing No. 34) filed by the Defendant, Richard Gomez Moreira, be denied. The Defendant filed objections to the Findings and Recommendation and a supporting brief[1] (Filing Nos. 43, 44) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Moreira is charged in three-count Indictment with selling a firearm to a felon (Counts I and II) and forfeiture (Count III). He seeks the dismissal of Counts I and II because the felon[2] to whom Moreira allegedly sold the firearms was a confidential informant ("CI") who then turned the firearms over to the government.

Following "oral argument"[3] and the submission of briefs, Judge Thalken issued his Findings and Recommendation. Judge Thalken concluded that the motion is without merit

---

[1] The brief is an exact replica of the brief filed in support of the motion, except for the last two paragraphs.

[2] The parties stipulated that the CI is a felon. (Filing No. 39.)

[3] This matter originally arose at what was scheduled to be a change of plea hearing upon Moreira's filing of a motion for clarification. After discussion of the issue, referred to here as an "oral argument," Judge Thalken determined that a motion to dismiss, briefs, and a stipulation should be filed. No further hearing was requested or held.

because regardless of the status of the CI as a government agent, Moreira knew at the time of the alleged sale that the CI was a felon.  Judge Thalken therefore recommends that the motion be denied.

The facts are stated in the parties' stipulation, quoted by Judge Thalken.  (Filing Nos. 39, 42.)

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings set out in the quoted stipulation.  Moreira's challenge to the Recommendation is meritless.  Moreira appears to raise the due process issue of outrageous government conduct.  No directly relevant authority is cited by either party in the briefs relating to the motion or by Moreira in support of his objections.[4]  When the matter was discussed, defense counsel was unable to distinguish Moreira's case from a situation in which law enforcement officers send a minor into a bar to purchase alcohol, alcohol is sold to the minor, and the bar owner is prosecuted.  (Filing No. 48 (Tr.), at 3.)  A plethora of cases exists in which CIs purchase narcotics with buy money and the seller is then prosecuted or in which CIs and undercover officers are used in other ways.  *See,*

---

[4]Despite Judge Thalken's statement that the Defendant cited only to general agency principles the Defendant submitted essentially the same brief in support of his objections.  *See* NECrimR 59.2(a) (a party may not merely refile the original brief in support of objections to findings and recommendations).  No additional directly relevant law was added.

*e.g., United States v. Gleason,* 980 F.2d 1183, 1186-87 (8th Cir. 1992) (outrageous government conduct was not proved, where a CI supplied the drugs that the defendant sold to the government's undercover agent).  Turning to firearm cases, in which the issue is raised less frequently, a New York district court denied a motion to dismiss based on allegedly outrageous government conduct in a case brought under 18 U.S.C. § 922(a). *United States v. Collins,* 755 F. Supp. 110, 110 (S.D.N.Y. 1991).  In that case, the defendant summarized the allegedly outrageous conduct as follows:

> [A] confidential informant for the Bureau of Alcohol, Tobacco and Firearms ("ATF") "arranged" the sale of a .45 caliber firearm to undercover ATF agents, provided the gun, "coached" defendant on what to say, kept all but $40 of the proceeds of the sale, and arranged all other sales to the agents in a similar fashion.

*Id.* (citations to record omitted).

In summary, the Eighth Circuit recognizes outrageous government conduct as a defense.  However, the standard of proof is "'quite high,'" as the level of outrageousness must "'shock the conscience'" in order to offend due process.  *United States v. Nieman,* 520 F.3d 834, 838 (8th Cir. 2008) (quoting *United States v. Russell,* 411 U.S. 423, 431-32 (1973)).  As discussed above, the government's conduct in Moreira's case is no different than government conduct in at least thousands of other cases and, therefore, it does not "shock the conscience."

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 42) is adopted in its entirety;

3

2.      The Defendant's objections to the Findings and Recommendation (Filing No. 43) are overruled;

3.      The Defendant's Motion to (Filing No. 34) is denied.

DATED this 14th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge